1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| **Harbhajan Singh Pabla,**<br>Petitioner<br>-vs-<br>**Katrina S. Kane,**<br>Respondent | CV-10-2184-PHX-JWS (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2241** |

### I. MATTER UNDER CONSIDERATION

Petitioner, incarcerated at the time in the Federal Detention Center in Eloy, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on October 13, 2010 (Doc. 1).  Respondent has filed a Response (Doc. 9) and a Status Report and Suggestion of Mootness (Doc. 14).  Mail to Petitioner has been returned undeliverable (Docs. 12, 15) and Petitioner has failed to respond to an Order to Show Cause (Doc. 13).

The matter is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

### II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

On October 13, 2010,  Petitioner  filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), challenging his detention without bond in  the Federal Detention Center in Eloy, Arizona, while awaiting removal to India.  Petitioner's Petition alleges that he was ordered removed on July 2, 2004, was detained on March 9, 2010, and has been detained more than 180 days. (Petition, #1 at 4.)

1    In the Notice of Assignment filed October 13, 2010 (Doc. 2), Petitioner was advised

2  of his obligation to file a Notice of Change of Address.  Similarly, the Service Order advised

3  Petitioner that:

> Petitioner must file and serve a notice of a change of address in
> accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.
> Petitioner must not include a motion for other relief with a notice of
> change of address. Failure to comply may result in dismissal of this
> action.

7  (Order 1/7/11, Doc. 5 at 2.)

8    On January 31, 2011, Respondent file her Response (Doc. 9), arguing *inter alia* that

9  the Petition was moot because Petitioner had been schedule for removal to India on January

10  27, 2011.  On February 16, 2011, Respondent was ordered to file a notice of advising of the

11  status of Petitioner's Removal.   (Order 2/16/11, Doc. 11.)    On February 28, 2011,

12  Respondent filed her Status Report and Suggestion of Mootness (Doc. 14), indicating that

13  Petitioner was removed on February 14, 2011.

14    On February 22, 2011, Petitioner's copy of the Court's Order was returned

15  undeliverable, indicating Petitioner was not in custody. (Doc. 12.) Accordingly, on February

16  25, 2011, the Court entered an Order (Doc. 13) giving Petitioner fourteen days to either: (1)

17  file a notice of change of address; or (2) show cause why his Petition should not be dismissed

18  for failure to prosecute in light of his failure to file a Notice of Change of Address as

19  previously ordered.   Copies of that order were sent to Petitioner at his last known

20  incarceration address.  On March 3, 2011, Petitioner's copy of that order was returned

21  undeliverable with the notation that "unclaimed/not in custody." (Doc. 15.) Petitioner has

22  not responded.

23

24            ### III. APPLICATION OF LAW TO FACTS

25  **A. MOOTNESS OF HABEAS PETITION**

26    Respondent argues that the Petition should be dismissed on the basis that the Petition

27  has been rendered moot by Petitioner's release upon removal. "Article III of the Constitution

28  limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and

'Controversies.'" *U.S. Parole Commission v. Geraghty,* 445 U.S. 388, 395, 100 S.Ct. 1202, 1208 (1980). This limitation restricts the jurisdiction of the federal courts to cases where there is a possible judicial resolution. *Id*.    A moot action is not subject to a judicial resolution.

A moot action is one in which the parties lack a legally cognizable interest in the outcome.  The test for mootness is whether the court can give a party any effective relief in the event that it decides the matter on the merits in their favor.  "That is, whether the court can 'undo' the effects of the alleged wrongdoing."  *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1989).

A habeas petition may be rendered moot following a subsequent release from custody, absent other, collateral consequences that flow from the complained of imprisonment. *Lane v. Williams,* 455 U.S. 624 (1982).  While the existence of such collateral consequences is irrebuttably presumed in some habeas challenges to criminal convictions, *see e.g., Sibron v. New York,* 392 U.S. 40 (1968); *Chacon v. Wood,* 36 F.3d 1459 (9th Cir. 1994), no such presumption applies to habeas petitions challenging immigration detention.

Here, Petitioner does not challenge his underlying removal order, but merely his continued detention pending the execution of that order.  His release upon removal has arguably resulted in the termination of any detention.  However, Petitioner has not been heard from on the issue, and it is at least conceivable that there may be relief to be granted. This issue need not be reached, however, to dispose of the matter.

**B. FAILURE TO PROSECUTE**

**Failure to Update Address** - Local Civil Rule 83.3(d) provides:

> An attorney or unrepresented party must file a notice of a name or address change, and an attorney must also file a notice of a change of firm name or e-mail address. The notice must be filed no later than 10 days before the effective date of the change, except that an unrepresented party who is incarcerated must submit a notice within 5 days after the effective date of the change. A separate notice must be filed in each active case.

1    Petitioner was twice been given specific notice (Notice of Assignment, Doc. 2;

2    Service Order, Doc. 5) of his obligation to file a notice of change of address, and an Order

3    (Doc. 13) specifically directing him to do so.

4    It is the duty of a party who has filed a *pro se* action to keep the Court apprised of his

5    or her current address and to comply with the Court's orders in a timely fashion.  This Court

6    does not have an affirmative obligation to locate Petitioner.  "A party, not the district court,

7    bears the burden of keeping the court apprised of any changes in his mailing address." *Carey*

8    *v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).

9    Moreover, Petitioner has failed to respond to the Court's Order to Show Cause about

10   his address and to respond to the Suggestion of Mootness regarding the  mootness of his

11   petition.  In so doing, Petitioner has failed to prosecute this action.

12   "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally

13   been considered an 'inherent power,' governed not by rule or statute but by the control

14   necessarily vested in courts to manage their own affairs so as to  achieve the orderly and

15   expeditious disposition of cases."  *Link v. Wabash R. Co.,* 370 U.S. 626, 630-631 (1962).

16   "Accordingly, when circumstances make such action appropriate, a District Court may

17   dismiss a complaint for failure to prosecute even without affording notice of its intention to

18   do so or providing an adversary hearing before acting. Whether such an order can stand on

19   appeal depends not on power but on whether it was within the permissible range of the

20   court's discretion." *Id.* at 633.

21   In determining whether an abuse of discretion has occurred, a number of factors are

22   relevant, including the plaintiff's diligence, the trial court's need to manage its docket, the

23   danger of prejudice to the party suffering the delay, the availability of alternate sanctions, and

24   the existence of warning to the party occasioning the delay. *See, e.g., Hamilton v. Neptune*

25   *Orient Lines, Ltd.,* 811 F.2d 498, 499 (9th Cir.1987).

26   Petitioner has failed to prosecute this action, and dismissal is therefore within the

27   discretion of the Court. *Link v. Wabash R. Co., supra.*  In the instant case, Petitioner appears

28   to have abandoned this action upon his removal.  Petitioner has had over a month since his

- 4 -

1    removal to file a notice of change of address.  Further delay to the Court and to Respondent
2    is not warranted.  Also, Petitioner has received adequate warning of the potential of such
3    action, and in light of Petitioner's refusal to respond to the Court, less onerous sanctions will
4    be ineffective.

5        The undersigned finds that only one less drastic sanction is realistically available.
6    Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon
7    the merits "[u]nless the court in its order for dismissal otherwise specifies."  In the instant
8    case, the undersigned finds that a dismissal with prejudice would be unnecessarily harsh.
9    Therefore, a recommendation will be made that this matter be dismissed without prejudice.

10

11                    **IV.  CERTIFICATE OF APPEALABILITY**

12        Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the
13    "district court must issue or deny a certificate of appealability when it enters a final order
14    adverse to the applicant."  However, such certificates are only required in cases concerning
15    detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C.
16    § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). This case
17    arises under 28 U.S.C. § 2241, and does not attack a State court detention.  Accordingly, no
18    ruling on a certificate of appealability is required, and no recommendation thereon will be
19    offered.

20

21                        **V.  RECOMMENDATION**

22        **IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of
23    Habeas Corpus, filed October 21, 2010 (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**
24    for failure to prosecute.

25

26                    **V. EFFECT OF RECOMMENDATION**

27        This recommendation is not an order that is immediately appealable to the Ninth
28    Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of*

1   *Appellate Procedure*, should not be filed until entry of the district court's judgment.

2          However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall

3   have fourteen (14) days from the date of service of a copy of this recommendation within

4   which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing

5   Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days within which to

6   file a response to the objections.  Pursuant to *Local Civil Rule 7.2(e)(3)*, unless otherwise

7   permitted by the Court, an objection to a Report and Recommendation shall not exceed ten

8   (10) pages.  Failure to timely file objections to any findings or recommendations of the

9   Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of

10  the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),

11  and will constitute a waiver of a party's right to appellate review of the findings of fact in an

12  order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins*

13  *v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

14

15  DATED: March 17, 2011                    _____

16                                                    JAY R. IRWIN
                                            United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28